**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Hiram RIVERA–VELASQUEZ,
etc., Defendant–Appellant.**

No. 06–10183.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 15, 2008.*

Filed Aug. 22, 2008.

Office of the U.S. Attorney, San Jose, CA, for Plaintiff–Appellee.

Michael W. Armstrong, Esq., Nolan Armstrong & Barton, LLP, Palo Alto, CA, for Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILER,[**] McKEOWN, and CALLAHAN, Circuit Judges.

## MEMORANDUM [***]

Defendant Hiram Rivera–Velasquez appeals his conviction for illegally reentering the United States after deportation in violation of 8 U.S.C. § 1326. He challenges the validity of a plea agreement in which he waived the right to appeal his prior deportation. He contends that the prior deportation should not serve as a predicate for the illegal reentry charge, because the Immigration Judge ("IJ") violated his right to due process by failing to inform him of the possibility of voluntary departure. We affirm.

In the 1997 plea agreement, Rivera–Velasquez unambiguously waived "any and all rights to appeal, reopen, or challenge in any way the prior deportation hearing" in exchange for a downward departure recommendation. This language plainly states that he waived his right to appeal the prior deportation, and it need not specifically contemplate the possibility of future prosecutions. *See United States v. Jeronimo,* 398 F.3d 1149, 1154 (9th Cir. 2005) (holding that the plea agreement "plainly states that [defendant] waived his right to appeal his sentence on *any and all* grounds in exchange for a sentence of less than twenty years") (emphasis in original). Moreover, the plea agreement included a separate waiver that specifically addressed the 1997 conviction. Interpreting the appeals waiver as limited to the 1997 conviction, therefore, would deprive that separate waiver of any meaning. *See Bayview*

*Hunters Point Cmty. Advocates v. Metro. Transp. Comm'n,* 366 F.3d 692, 700 (9th Cir.2004) (noting that terms should be construed to avoid rendering any other terms meaningless or superfluous).

Further, the IJ's failure to advise Rivera–Velasquez of the possibility of voluntary departure did not deny him due process because Rivera–Velasquez's criminal history precluded any reasonable possibility that he was eligible for voluntary departure. *See Galeana–Mendoza v. Gonzales,* 465 F.3d 1054, 1057 (9th Cir.2006); *United States v. Muro–Inclan,* 249 F.3d 1180, 1183 (9th Cir.2001). In the two years prior to his deportation, he was convicted of four crimes, including a felony for assault with a deadly weapon likely to produce great bodily injury. The IJ was aware that Rivera–Velasquez had been incarcerated for 16 months on these charges. Thus, the IJ was not required to advise him of the possibility of voluntary departure. *See Muro–Inclan,* 249 F.3d at 1183.

As a result, the appeals waiver is valid, and Rivera–Velasquez may not challenge the prior deportation.

AFFIRMED.

---

[**] The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.